IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| TYRONE RILEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:24-cv-01-MHT-SMD |
| ) | (WO) |
| JIMMY ABBETT, et al., ) | |
| ) | |
| Defendants. ) | |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Tyrone Riley, proceeding pro se, filed this 42 U.S.C. § 1983 action on January 2, 2024. After reviewing the complaint (Doc. 1) and finding deficiencies with this pleading, the court determined that Riley should be allowed to file an amended complaint to correct the deficiencies. On July 3, 2024, the court entered an order explaining the deficiencies in the complaint and providing Riley with specific instructions regarding filing an amended complaint. Doc. 9. Riley was cautioned that his failure to comply with the court's order of July 3 by July 26, 2024 would result in a Recommendation that his case be dismissed. *Id*. at 3.

To date, Riley has not filed an amended complaint as directed or otherwise complied with the court's order of July 3. On July 24, 2024, that order, which has been mailed to Riley at his last provided addressed, was returned to the court as undeliverable, with a notation that Riley's address was unknown. Doc. 10 at 1. In earlier orders of the court— one entered on January 5, 2024, and a second entered on January 17, 2024—Riley was cautioned that his failure to provide a correct address to the court within 10 days following

a change of address would result in dismissal of his case. Doc. 3 at 2; Doc. 5 at 4. Riley has not notified this court of any change in his address.

Because of Riley's failure to comply with the court's orders, the undersigned concludes that this case should be dismissed without prejudice. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (generally, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) ("The district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id*.

Accordingly, this Magistrate Judge RECOMMENDS that this case be DISMISSED without prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before September 11, 2024. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28

U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 28th day of August, 2024.

/s/  Stephen M. Doyle
STEPHEN M. DOYLE
CHIEF U.S. MAGISTRATE JUDGE